SEYFARTH SHAW LLP
Joshua A. Rodine (SBN 237774)
jrodine@seyfarth.com
Heather E. Horn (SBN 318242)
hhorn@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
IRON MOUNTAIN INFORMATION
MANAGEMENT, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL Y. WALKER, an individual,<br><br>                    Plaintiff,<br><br>           v.<br><br>IRON MOUNTAIN INFORMATION MANAGEMENT, LLC, a Delaware limited liability company d/b/a CROZIER FINE ARTS; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No. _____<br><br>**DEFENDANT IRON MOUNTAIN INFORMATION MANAGEMENT, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Los Angeles County Superior Court Case No. 26STCV09041]<br><br>Action Filed:     March 20, 2026 |

---

DEFENDANT'S NOTICE OF REMOVAL

325172406v.5

# TABLE OF CONTENTS

**Page**

I.     BACKGROUND ........................................................................................................1

II.    TIMELINESS OF REMOVAL ................................................................................2

III.   JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP ............................3

    A.   Plaintiff Is a Citizen of California .................................................................3

    B.   Defendant Iron Mountain Information Management, LLC Is Not a Citizen of California .....................................................................................................3

    C.   Doe Defendants May Be Disregarded ...........................................................5

IV.    AMOUNT IN CONTROVERSY .............................................................................5

    A.   Plaintiff's Complaint Establishes That the Amount in Controversy Is at Least $1,000,000 ..........................................................................................6

    B.   Plaintiff's Claims Otherwise Exceed $75,000 ..............................................7

    C.   Emotional Distress Damages .........................................................................8

    D.   Attorney's Fees and Costs Also Could Exceed $75,000 ...............................9

    E.   Punitive Damages ..........................................................................................9

V.     VENUE ...................................................................................................................10

VI.    NOTICE OF REMOVAL ......................................................................................10

VII.   PRAYER FOR REMOVAL ...................................................................................11

i

DEFENDANT'S NOTICE OF REMOVAL

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Chavez v. JP Morgan Chase & Co.*,
888 F.3d 413 (9th Cir. 2018) ...................................................................... 6

*Conrad Assocs. v. Hartford Accident & Indem. Co.*,
994 F. Supp. 1196 (N.D. Cal. 1998) ........................................................... 6

*Davenport v. Mut. Benefit Health & Accident Ass'n*,
325 F.2d 785 (9th Cir. 1963) ................................................................... 6, 9

*Davis v. HSBC Bank Nevada, N.A.*,
557 F.3d 1026 (9th Cir. 2009) .................................................................... 4

*Fristoe v. Reynolds Metals, Co.*,
615 F.2d 1209 (9th Cir. 1980) .................................................................... 5

*Galt G/S v. JSS Scandinavia*,
142 F. 3d 1150 (9th Cir. 1998) ................................................................ 6, 9

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) ...................................................................... 5

*Ho v. Ikon Office Solutions, Inc.*,
143 F. Supp. 2d 1163 (N.D. Cal. 2001) ..................................................... 4

*Johnson v. Columbia Props. Anchorage, LP*,
437 F.3d 894 (9th Cir. 2006) ...................................................................... 3

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) ...................................................................... 3

*Kantor v. Wellesley Galleries, Ltd.*,
704 F.2d 1088 (9th Cir. 1983) .................................................................... 3

*Kenny v. Wal-Mart Stores, Inc.*,
881 F.3d 786 (9th Cir., Feb. 1, 2018) ........................................................ 2

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999) ................................................................................... 2

*Peacock v. Quest Diagnostics*,
Case No. 09CV09206 (JHN), 2010 WL 6806990 (C.D. Cal.) ................... 8

*Sanchez v. Monumental Life Ins.*,
102 F.3d 398 (9th Cir. 1996) ............................................................... 5, 6, 7

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
303 U.S. 283 (1938) ................................................................................... 7

ii

DEFENDANT'S NOTICE OF REMOVAL

325172406v.5

*State Farm Mut. Auto Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) ......................................................................................... 3

*The Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ........................................................................................................ 4

*Tosco v. Cmtys. for a Better Env't*,
   236 F.3d 495 (9th Cir. 2001) ........................................................................................ 4

*Valdez v. Allstate Ins. Co.*,
   372 F.3d 1115 (9th Cir. 2004) ...................................................................................... 5

*Ward v. Cadbury Schweppes Bottling Grp.*,
   Case No. 09CV03279 (DMG), 2011 WL 7447633 (C.D. Cal) ..................................... 8

**State Cases**

*Roby v. McKesson Corp.*,
   47 Cal. 4th 686 (2009) ................................................................................................ 10

**Federal Statutes**

28 U.S.C. 1332(c)(1) ........................................................................................................ 4

28 U.S.C. § 84(c) ........................................................................................................... 10

28 U.S.C. § 1332 ......................................................................................................... 1, 5

28 U.S.C. § 1332(a) ......................................................................................................... 6

28 U.S.C. § 1332(a)(1) ................................................................................................ 3, 10

28 U.S.C. § 1332(c)(1) ..................................................................................................... 4

28 U.S.C. § 1441(a) .............................................................................................. 1, 3, 5, 10

28 U.S.C. § 1441(b) .......................................................................................................... 1

28 U.S.C. § 1446 .............................................................................................................. 2

28 U.S.C. § 1446(a) ....................................................................................................... 10

28 U.S.C. § 1446(b) .......................................................................................................... 2

28 U.S.C. § 1446(c)(2) ..................................................................................................... 6

28 U.S.C. § 1446(d) ....................................................................................................... 10

**State Statutes**

Cal. Civ. Proc. Code § 415.40 ........................................................................................ 2

Lab. Code 1102.5 ......................................................................................................... 1, 7

iii
DEFENDANT'S NOTICE OF REMOVAL

325172406v.5

Lab. Code 1102.5 ............................................................................................... 1, 7

**Other Authorities**

*Aboulafia v. GACN Inc.*,
Case No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) ................................. 8

*Crawford v. DIRECTV, Inc.*,
Case No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) .................... 9

*Denenberg v. Cal. Dep't of Transp.*,
Case No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.) ..................... 9

*Leimandt v. Mega RV Corp.*,
Case No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.) ............................................................................................................... 8

*Silverman v. Stuart F. Cooper Inc.*,
Case No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) ................................. 8

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
Case No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.) ................................. 8

*Welch v. Ivy Hill Corp.*,
BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.) ................................................. 8

iv

DEFENDANT'S NOTICE OF REMOVAL

325172406v.5

To the United States District Court for the Central District of California and to Plaintiff and her attorneys of record:

1.      Please take notice that Defendant Iron Mountain Information Management, LLC, ("Iron Mountain") files this Notice of Removal pursuant to 28 U.S.C. sections 1332, and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effect the removal of the above-captioned action from the Superior Court for the County of Los Angeles to the United States District Court for the Central District of California, and states that the removal is proper for the following reasons.

## I.      BACKGROUND

2.      On March 20, 2026, Plaintiff April Y. Walker ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Los Angeles, entitled "*APRIL Y. WALKER, an individual, Plaintiff,  v. IRON MOUNTAIN SECURE SHREDDING, INC, a Delaware Corporation; and DOES 1-50, Inclusive, Defendants*," Case No. 25STCV09041 ("Complaint").

3.      In the Complaint, Plaintiff alleges seven causes of action against Iron Mountain for: (1) "Discrimination in Violation of the FEHA; (2) "Harassment in Violation of the FEHA"; (3) "Unlawful Retaliation in Violation of the FEHA"; (4) "Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of the FEHA"; (5) "Declaratory Judgment"; (6) "Retaliation in Violation of Lab. Code 1102.5; (7) "Wrongful Termination in Violation of Public Policy." A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Heather Horn in support of the Notice of Removal ("Horn Dec."), filed concurrently herewith.

4.      On March 20, 2026, Plaintiff mailed a copy of the Summons, Complaint, Civil Case Cover Sheet, and Certificate of Assignment by certified mail, requiring a return receipt addressed to the President & CEO of Iron Mountain. (Horn Dec. ¶ 3.) A true and correct copy of the service packet is attached as **Exhibit B** to the Horn Dec.

DEFENDANT'S NOTICE OF REMOVAL

325172406v.5

5. Iron Mountain has not filed or received any other pleadings or papers, other than the pleadings described as **Exhibit A** and **Exhibit B**, in this action prior to this Notice of Removal. (Horn Dec. ¶ 3.)

## II. TIMELINESS OF REMOVAL

6. The time for filing a Notice of Removal does not begin to run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"); *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir., Feb. 1, 2018) ("We have also emphasized that 'a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability.' Accordingly, 'even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document.'") (internal citation omitted).

7. This Notice of Removal is timely as it is filed less than one year from the date this action commenced and within thirty (30) days of the completion of the service of the Summons and Complaint upon Iron Mountain on March 30, 2026. 28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.40 (service is complete on the 10th day after mailing). Here, Plaintiff mailed the Complaint on March 20, 2026. Pursuant to California Code of Civil Procedure section 415.40 (service complete on the tenth day after mailing), service was deemed complete on March 30, 2026.

DEFENDANT'S NOTICE OF REMOVAL

325172406v.5

## III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

8.    The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.    Plaintiff Is a Citizen of California

9.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is *prima facie* [evidence of] domicile").

10.    Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California. The Complaint alleges that, "Plaintiff at all times relevant hereto was a resident of the County of Los Angeles, State of California." (Compl. ¶ 2.)

11.    In addition, Iron Mountain's review of Plaintiff's personnel file reveals that Plaintiff resides in California. (Declaration of Michael Mahoney ["Mahoney Dec."] ¶ 9.)

12.    Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

### B.    Defendant Iron Mountain Information Management, LLC Is Not a Citizen of California

13.    In a removal, a limited liability company is treated as a partnership for purposes of diversity, and citizenship depends on the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

14.    For diversity purposes, "a limited liability company or corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state

3

325172406v.5

of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009).

15.    The United States Supreme Court has held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center." *The Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). In determining a corporation's "nerve center," courts are to examine where the "corporation's officers direct, control, and coordinate the corporation's activities," and where the corporation maintains its headquarters. *Id.* at 92. Other relevant factors include where corporate executives maintain their offices, where corporate policies and procedures are made, and where primary corporate functions are based. *Ho v. Ikon Office Solutions, Inc.*, 143 F. Supp. 2d 1163, 1168 (N.D. Cal. 2001) (nerve center found to be location where  corporations headquarters were located, where the corporate officers worked, and from where the corporate policies and procedures arose). Thus, the "nerve center" is "where the majority of its executive and administrative functions are performed." *Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001) (citation omitted). Iron Mountain's sole member is Iron Mountain, Inc. (Mahoney Dec. ¶ 8.)

16.    Iron Mountain is, and at all times since the commencement of this action has been, a citizen of a State <u>other</u> than California within the meaning of 28 U.S.C. section 1332(c)(1). *See Davis*, 557 F.3d at 1028 (citing 28 U.S.C. 1332(c)(1)); *The Hertz Corp.*, 559 U.S. at 92-93.

17.    Iron Mountain, is a limited liability company that at all relevant times during this litigation was organized and existing under the laws of the State of Delaware. (Mahoney Dec. ¶ 6.)

18.    Under the "nerve center" test, New Hampshire emerges as Iron Mountain's principal place of business. Iron Mountain's corporate headquarters are located in Portsmouth, New Hampshire, where Iron Mountain's high level officers direct, control, and coordinate Iron Mountain's activities. (Mahoney Dec. ¶ 7.) Iron Mountain's high level corporate officers maintain offices in New Hampshire and many of Iron Mountain's

4

DEFENDANT'S NOTICE OF REMOVAL

325172406v.5

corporate level functions are performed in the New Hampshire office. (*Id.*) Additionally, many of Iron Mountain's executive and administrative functions, including corporate finance and accounting, are directed from the Portsmouth, New Hampshire office. (*Id.*)

19. Furthermore, in her Complaint, Plaintiff concedes that "Iron Mountain is a Delaware corporation …." (Compl. ¶ 3.)

20. Therefore, for purposes of diversity of citizenship, Iron Mountain is a citizen of Delaware and New Hampshire, and not a citizen of California.

**C. Doe Defendants May Be Disregarded**

21. Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants, 1-20, does not deprive this Court of jurisdiction.

**IV. AMOUNT IN CONTROVERSY**

22. While Iron Mountain denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

23. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

DEFENDANT'S NOTICE OF REMOVAL

325172406v.5

24.     In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

25.     Furthermore, in determining the amount in controversy at the time of removal, the Court is not limited to the amount of damages incurred as of the time of removal, but may look forward in time to damages that can be recovered in the future. *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018) ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy…. In sum, the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails.").

26.     Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

### A.     Plaintiff's Complaint Establishes That the Amount in Controversy Is at Least $1,000,000

When a defendant seeks removal on diversity grounds, "the sum demanded in good faith [by the plaintiff] in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 402 (9th Cir. 1996) ("[T]he sum claimed by the plaintiff controls," unless it appears

6

DEFENDANT'S NOTICE OF REMOVAL

325172406v.5

"that the claim is really for less than the jurisdictional amount.") (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288-89 (1938)).

27. In Plaintiff's initial pleading, Plaintiff requests relief on the first through seventh cause of action in the total amount of $1,000,000. (Compl., Prayer for Relief ¶¶ 1-8). In addition to punitive damages, attorney fees, and costs of suit in an amount to be proven at trial. (*See* Ex. A Complaint ¶ ¶ 34,45, 56,68,74,94,104; Relief, at ¶¶ 1-8 ).

28. Accordingly, Plaintiff's demand for an amount of damages of **no less than $1,000,000** should be deemed the amount in controversy, which satisfies and exceeds the jurisdictional threshold.

**B. Plaintiff's Claims Otherwise Exceed $75,000[1]**

29. Even with Plaintiff's specific request for no less than $1,000,000 in damages, Plaintiff's claims otherwise would exceed the amount in controversy. The amount in controversy requirement is satisfied because "it is more likely than not" that it exceeds the jurisdictional minimum based on the allegations in Plaintiff's Complaint. *See Sanchez,* 102 F.3d at 404 ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount") (internal citation omitted).

30. In the Complaint, Plaintiff asserts seven causes of action against Iron Mountain for: (1) "Discrimination in Violation of the FEHA; (2) "Harassment in Violation of the FEHA"; (3) "Unlawful Retaliation in Violation of the FEHA"; (4) "Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of the FEHA"; (5) "Declaratory Judgment"; (6) "Retaliation in Violation of Lab. Code 1102.5; (7) "Wrongful Termination in Violation of Public Policy".

31. Further, Plaintiff seeks general and special damages, including but not limited to past and future lost wages, emotional distress, punitive damages, penalties and

---

[1]/ Iron Mountain's assertion that the amount in controversy exceeds $75,000 is not an admission that Plaintiff is entitled to any damages. Iron Mountain denies that Plaintiff is entitled to or will recover any damages in this matter.

7

DEFENDANT'S NOTICE OF REMOVAL

325172406v.5

attorneys' fees and costs. (Prayer for Relief ¶¶ 1-8.) Thus, it is more likely than not that the amount in controversy exceeds $75,000.

32.    At the time of her separation, Plaintiff's approximate annual salary was $187,000. (Mahoney Dec. ¶ 11.) Given that Plaintiff alleges that she was terminated on October 12, 2023, she has already incurred over two and half years of lost compensation to date. (Compl. ¶ 31.) Accordingly, assuming she is able to establish liability, Plaintiff has already incurred at least **$467,523** in lost wages (October 12, 2023 – April 13, 2026).

### C.    Emotional Distress Damages

33.    In addition to Plaintiff's request for damages in the amount exceeding $1,000,000. (Compl.) Plaintiff also claim damages for emotional distress. (Compl. ¶ 31; Prayer 20:18-19.) A review of jury verdicts in California demonstrates that emotional distress awards in discrimination cases commonly exceed $75,000. *See Silverman v. Stuart F. Cooper Inc.*, Case No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, Case No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in discrimination action); *Aboulafia v. GACN Inc.*, Case No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, Case No. 09CV03279 (DMG), 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in a discrimination action); *Leimandt v. Mega RV Corp.*, Case No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in a discrimination case); *Peacock v. Quest Diagnostics*, Case No. 09CV09206 (JHN), 2010 WL 6806990 (C.D. Cal.) (jury award of $150,000 in non-economic loss to employee in action for discrimination action).

DEFENDANT'S NOTICE OF REMOVAL

325172406v.5

34.    Plaintiff's allegations of emotional distress are similar to the issues raised in these cases. Iron Mountain has attached these verdicts as **Exhibit C** to the concurrently filed Declaration of Heather E. Horn for the Court's review.

**D.    Attorney's Fees and Costs Also Could Exceed $75,000**

35.    Plaintiff claimed that she is entitled to attorney's fees and costs. (Compl. ¶¶ 46, 57, 69, 75; Prayer For Relief ¶ 6.) Attorney's fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

36.    Courts have also awarded far in excess of $75,000 in attorney's fees in cases involving employment-related claims. *See*, *e.g.*, *Crawford v. DIRECTV, Inc.*, Case No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorney's fee award of $159,762.50); *Denenberg v. Cal. Dep't of Transp.*, Case No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorney's fees award of $490,000 for claims). Iron Mountain has attached these verdicts as **Exhibit D** to the concurrently filed Declaration of Heather E. Horn for the Court's review.

37.    Iron Mountain anticipates depositions being taken in this case, and that ultimately, Iron Mountain will file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination and wrongful termination cases often exceed $75,000. In this regard, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. (Horn Dec. ¶ 6.)

**E.    Punitive Damages**

38.    Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and*

9

DEFENDANT'S NOTICE OF REMOVAL

*Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). (Compl. ¶¶ 34, 45, 56, 68, 74, 94, 104; and Prayer for Relief ¶ 5.)

39.   Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged retaliation cases. *See*, *e.g.*, *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009).

40.   Based upon the allegations contained in the Complaint, Iron Mountain is informed and believe that Plaintiff seeks damages within the jurisdictional authority of this Court.

41.   Because diversity of citizenship exists between the Plaintiff and Iron Mountain, and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

## V.   VENUE

42.   Venue lies in the Central District of California pursuant to 28 U.S.C. sections 1441(a), 1446(a), and 84(c). This action originally was brought in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of the State of California. (Compl. ¶ 1.)

## VI.   NOTICE OF REMOVAL

43.   Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, in the State Court Action.

44.   This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

45.   In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as Exhibits A and B to this Notice of Removal.

10

DEFENDANT'S NOTICE OF REMOVAL

325172406v.5

## VII.  PRAYER FOR REMOVAL

46.  Wherefore, Iron Mountain prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: April 28, 2026                    SEYFARTH SHAW LLP


By: *Heather E. Horn*
Joshua A. Rodine
Heather E. Horn
Attorneys for Defendant
IRON MOUNTAIN INFORMATION MANAGEMENT, LLC

11
DEFENDANT'S NOTICE OF REMOVAL

325172406v.5